IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | 8:16CV478 |
| | ) | |
| Plaintiff, | ) | AMENDED |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| REIN QUIST, and UNITED STATES SUPREME COURT, Full, | ) ) ) | |
| Defendants. | ) ) | |

    This matter is before the court on its own motion. In a memorandum and order entered on November 22, 2016 (Filing No. 7), Plaintiff was granted leave to proceed in forma pauperis. Upon further review, the court finds such memorandum and order was entered in error.

    As stated in the Prison Litigation Reform Act, a prisoner cannot "bring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

    The following four cases brought by Plaintiff, while a prisoner, were dismissed as frivolous:

- *Bradley v. Urbom*, No. 8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- Bradley v. The Senate, No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- Bradley v. U.S. District Court, No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- Bradley v. Urbom, No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

Plaintiff has not shown that he is in imminent danger of serious physical injury.[1]

Accordingly, Plaintiff has until January 17, 2017, to show cause why this matter should not be dismissed pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the full $400.00 filing fee no later than January 17, 2017. In the absence of good cause shown or the payment of the full filing fee, Plaintiff's Complaint and this matter will be dismissed without further notice.

IT IS ORDERED:

1. The court's memorandum and order entered on November 22, 2016 (Filing No. 7) is set aside and vacated. The clerk of the court shall notify Plaintiff's institution to stop collecting partial filing fee payments and shall remit any funds already collected pursuant to the vacated order.

2. Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 2) is denied.

3. Plaintiff's supplemental motion for leave to proceed in forma pauperis (Filing No. 8) is denied.

---

[1] Plaintiff claims in a related action, No. 8:16CV418, that his life is in danger, but he has alleged no credible facts to support such a claim.

4. Plaintiff has until January 17, 2017, to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the full $400.00 filing fee. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

5. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 17, 2017: Deadline for Plaintiff to show cause or pay full filing fee.

DATED this 15th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge